UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08366-CAS-DTB | Date | July 7, 2016 |
|---|---|---|---|
| Title | JESSE JUNIOR CHACON V. SUZANNE M. PEERY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS) - PETITIONER JESSE JUNIOR CHACON'S MOTION TO REVIEW DENIAL OF MOTION TO RECONSIDER ORDER DENYING DISCOVERY (Dkt. 59, filed June 8, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of July 11, 2016, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION & BACKGROUND

On May 21, 2010, a jury in the Los Angeles County Superior Court found petitioner Jesse Junior Chacon guilty of kidnapping in order to commit robbery; carjacking; second degree robbery; and kidnapping during a carjacking. See Dkt. 12-2. On November 12, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Dkt. 1. On November 25, 2014, Magistrate Judge David T. Bristow submitted to the undersigned a report and recommendation dismissing the petition on the grounds that the petition was unexhausted. Dkt. 21; see Rose v. Lundy, 455 U.S. 509, 518-22 (1982). On January 27, 2015, this Court accepted Judge Bristow's findings, conclusions, and recommendations, and accordingly dismissed the petition. Dkt. 22.

On March 8, 2016, pursuant to Rule 6 of the Rules Governing Section 2254 cases, petitioner filed a Motion for Discovery for the Limited Purpose of Discovering Evidence Pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Dkt. 53. In his motion, petitioner argued that he believes there are certain records that, if provided and considered, may exonerate him. Dkt. 53-3. On March 18, 2016, respondent Connie

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08366-CAS-DTB | Date | July 7, 2016 |
|---|---|---|---|
| Title | JESSE JUNIOR CHACON V. SUZANNE M. PEERY | | |

Gipson, as Warden, filed an opposition to petitioner's motion. Dkt. 55. On March 28, 2016, Magistrate Judge Bristow denied petitioner's motion on the grounds that, among other things, the motion was premature. Dkt. 56, at 1-2.

On April 25, 2016, petitioner filed a Motion to Reconsider the Order Denying Discovery. Dkt. 57. On May 25, 2016, in a six-page order, Magistrate Judge Bristow denied the motion for reconsideration, finding that the motion for reconsideration largely reargued the substance of the already-denied motion for discovery, and therefore had not properly set forth a basis for Rule 60(b) relief. See Dkt. 58.

On June 8, 2016, ostensibly pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 72-2.1, petitioner filed the instant Motion for Review of Denial of Motion to Reconsider Order Denying Discovery.[1] Dkt. 59. Respondent has not filed an opposition to the instant motion.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), a federal district court reviews non-dispositive orders by magistrate judges to determine whether they are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); see also 12 Fed. Prac. & Proc. Civ. § 3069 (2d ed.) (explaining that "it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge"); Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). The magistrate judge's decisions with respect to such orders are "entitled to great deference by the district court." United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001).

---

[1] The instant motion is ostensibly brought pursuant to Federal Rule of Civil Procedure 59(e) and Central District Local Civil Rule 72-2.1. Rule 59(e) permits a party to file a "motion to alter or amend a judgment." However, a federal district court reviews non-dispositive orders by magistrate judges—such as Magistrate Judge Bristow's order on petitioner's motion for reconsideration—under Fed. R. Civ. P. 72(a). The Court therefore construes the instant motion as asserted under Rule 72(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08366-CAS-DTB | Date | July 7, 2016 |
|---|---|---|---|
| Title | JESSE JUNIOR CHACON V. SUZANNE M. PEERY | | |

### III. DISCUSSION

As summarized in the order denying petitioner's motion for reconsideration, Magistrate Judge Bristow denied petitioner's initial motion for discovery on the grounds that "a habeas petitioner is not entitled to discovery as a matter of ordinary course, and that discovery is generally not appropriate in a federal habeas corpus proceeding." Dkt. 58, at 6. Magistrate Judge Bristow rightly noted that "[w]hile petitioner disputes [Judge Bristow's] conclusion, he has failed to set forth any basis to alter the discretionary conclusion . . . that he is not entitled to discovery." Id. Specifically,

> Here, petitioner has not set forth a basis for Rule 60(b) relief on the grounds of newly discovered evidence, or misconduct by the prosecution. Fed. R. Civ. P. 60(b)(1)-(3). Nor has petitioner identified any reason to declare the Order void or any intervening circumstances that render the Order no longer equitable. Fed. R. Civ. P. 60(b)(4),(5). Finally, petitioner has failed to identify any extraordinary circumstances which might warrant relief under Fed. R. Civ. P. 60(b)6.

Id.

Accordingly, Magistrate Judge Bristow denied petitioner's motion to reconsider principally on the grounds that a Rule 60(b)(6) motion may only be granted under "extraordinary circumstances" and petitioner here failed to set forth a basis for relief, pursuant to Central District Local Civil Rule 7-18, based upon, e.g., newly discovered evidence or misconduct by the prosecution. Id.

The Court finds no reason to disturb Magistrate Judge Bristow's ruling on petitioner's motion for reconsideration. Under Local Rule 7-18, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Petitioner's denied-motion for reconsideration largely reargued the substance of petitioner's original motion for discovery, and therefore did not provide a basis for reconsideration under Rule 60(b) or Local Rule 7-18. In short, the Court agrees with Magistrate Judge Bristow's conclusion that there was no basis for reconsideration of his order denying discovery; accordingly, the ruling was not "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:13-cv-08366-CAS-DTB | Date | July 7, 2016 |
|---|---|---|---|
| Title | JESSE JUNIOR CHACON V. SUZANNE M. PEERY | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** petitioner's motion to review.

IT IS SO ORDERED.

|   |   | 00 | : | 00 |
|---|---|---|---|---|
|   | Initials of Preparer | CMJ | | |